The defendant was the owner between the dates of May 7, 1944, and August 12, 1944, of a residence at 410 Eighth Street, Alexandria, La. She had owned the property some time before May 7th and continued to own it after August 12th. On May 7, 1944, the plaintiff, with his wife and two children engaged from defendant rooms No. 4 and 5 in the residence. They had been referred to defendant by Mrs. Clara Brock at one of the USO Centers in Alexandria. When they applied to defendant to rent the rooms, they were told they could only rent them for four days, at a rate of $3 per day, amounting to $12, which they paid. They continued to pay rent on a daily basis of $3 until July 24th.
Prior to this time the parishes of Rapides, Vernon, and Beauregard had been designated under the provisions of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., as the Alexandria-Leesville Defense Rental Area. On July 29, 1943, the Rent Director for that area had considered the question of the maximum rent the defendant would be allowed to charge tenants in this residence and had found the rent to be higher than that generally prevailing for comparable rooms on January 1, 1941, and had fixed the daily rate for both rooms 4 and 5 at $3 per day and the weekly rent for the two rooms at $14 per week.
The object of this suit by the plaintiff is to collect from the defendant an overcharge which he alleges to be $252, with attorneys' fees in the sum of $200. The District Judge, after hearing the evidence in the case, rendered judgment for the plaintiff for $190, less a credit of $46, and for attorney's fees in the sum of $75.
From this judgment, the defendant prosecutes this appeal. The appeal has not been answered so that apparently the plaintiff is satisfied with the judgment rendered.
From all of the evidence in the case, the conclusion is inescapable that the defendant was compelling not only the plaintiff in this case, but all other tenants in the house to pay rental on a daily basis instead of on a weekly basis. She denies that the plaintiff demanded to be allowed to pay on a weekly basis, but we are impressed with the view that he did undertake practically from the beginning to be placed on a weekly instead of a daily basis. Finally, on about July 26, 1944, after making demand in the presence of witnesses to be placed on a weekly basis, he ceased to pay rent, but continued to occupy the premises until about August 12th, at which time he left the premises after the defendant had filed an eviction suit against him, and a consent judgment of eviction had been entered. *Page 499 
After answer to the plaintiff's petition, defendant asked for judgment in reconvention for $69 which she claimed due for a period of 23 days that plaintiff had occupied the premises and for which he had not paid. The District Judge decided, and it is admitted by plaintiff that the defendant is entitled to a credit of $46, being the amount of the weekly rate for the 23 days.
The defendant claimed that the tenants elected to pay rent on a daily basis in consideration of being allowed washing and ironing privileges, use of electric icebox, and the benefit of attic fan when run, but we are not impressed with this testimony, and as a matter of fact, it is apparent that this was a subterfuge on the part of the defendant to escape the provisions of the weekly rental rate fixed by the Rent Director.
As a matter of fact, it is admitted that an injunction issued out of the Federal Court against the defendant, prohibiting her from charging the daily rate for rooms occupied for more than one week.
We are satisfied that the judgment of the lower court does substantial justice in this case, and a review of all the evidence in the case would serve no useful purpose.
For these reasons the judgment appealed from is affirmed. Defendant appellant to pay the cost of both courts.